[No. 32114. Department Two. January 22, 1953.]

EUGENE DETROIT, *Appellant*, v. T. A. GUNDERSON *et al.,*
*Respondents*.[1]

*Lycette, Diamond & Sylvester* (*Herman Howe*, of counsel), for appellant.

*Carl B. Luckerath*, for respondents.

HILL, J.—In late March, 1950, Eugene Detroit orally contracted to perform the labor necessary to complete a house for T. A. Gunderson and Betty J. Gunderson, then husband and wife. Detroit submitted a statement to the Gundersons on April 17, 1950, showing the total amount due him to be $1,355.58. No payment was made until May 18, 1950, on which date the Gundersons paid one hundred dollars and signed an agreement with Detroit by the terms of which they were to pay $1,240 at the rate of twenty-five dollars a month. Nothing was ever paid thereon.

The Gundersons had purchased most of the building materials for the house from M. H. Erwin and Harold Snyder, a copartnership doing business as the North City Building Supplies, and were indebted to them in a very substantial amount.

Sometime prior to July 25, 1950, the Gundersons were divorced and Mrs. Gunderson was awarded the property. On that date, she deeded the property to North City Build-

[1]Reported in 252 P. (2d) 580.

ing Supplies, signing a memorandum wherein she declared "there has been no labor or material supplied on said premises to her information, belief, and knowledge, during the past 90 days."

Detroit filed his lien July 31, 1950. When it developed that he was claiming that one of his men had worked on the Gunderson house on May 10th and another on May 16th, Mrs. Gunderson signed a statement to the effect that at no time during the month of May did Detroit or any of his employees do any work on the house.

Detroit commenced this action to recover a personal judgment for $1,240 and interest against the Gundersons, and to foreclose his lien. Erwin and Snyder were joined as parties defendant. The Gundersons defaulted and a personal judgment was entered against each of them in the amount prayed for, but the trial court denied Detroit's claim of a lien on two grounds: (1) that he had not sustained the burden of proof that his lien was filed within ninety days of the completion of the performance of the work, as required by RCW 60.04.060 (cf. Rem. Supp. 1949, §1134); and (2) that, even if there would otherwise have been a valid lien, Detroit waived the right to it by entering into the agreement to accept payments of twenty-five dollars a month. Detroit appeals.

Finding of fact No. 5 reads, in part:

"That in the light of the circumstances disclosed under the evidence the Court finds no reliable testimony on which to sustain plaintiff's [appellant's] claim of continuing performance of labor and materials beyond the date of April 17, 1950."

From that finding, the trial court concluded "that plaintiff's alleged lien filed July 31, 1950, is not valid." This presents an insuperable obstacle to the establishment of the validity of the lien.

The material dates are April 17, 1950, the date of the statement which Detroit furnished the Gundersons; May 10 and 16, 1950, on which dates Detroit claimed work was done under the contract with the Gundersons; and July 31,

1950, the date on which Detroit filed his lien. The May dates both fall within the ninety days preceding July 31st, and the April date is not within that period.

Suffice it to say that, if the trial judge had believed appellant and his witnesses, the evidence would have sustained a finding that work was performed on May 10th which was of such a character that it would have extended the time for the filing of the lien. The appellant's real basis for complaint in this court is that the trial judge refused to believe him or his witnesses. Appellant sets forth in his brief in some detail the testimony of various witnesses, but if the trier of the facts did not consider it "reliable," then of what avail is it? He was not obligated to believe the testimony on that issue.

We hasten to add that, in our opinion, this reveals no arbitrary action on the part of the trial judge; there was reason for his failure to place reliance on the testimony offered on this issue. The judge commented upon the cordial relationship between Mrs. Gunderson and Mrs. Detroit during the trial, and upon Mrs. Gunderson's repudiation of her two written statements when called as a witness by the respondents. The witness supposed to have worked four hours at the Gunderson home on May 10th was very vague as to what he had done and was shown to have worked eight hours the same day on a job in a district miles from the Gunderson property, with no suggestion of overtime. We do not have the opportunity the trial judge had of observing the demeanor of the witnesses, which is ofttimes more enlightening than what they say, but even from the typewritten statement of facts we can understand why the able and experienced trial judge had the feeling and made the finding that there was "no reliable testimony on which to sustain plaintiff's claim of continuing performance . . . beyond the date of April 17, 1950."

No valid lien having been established, the other questions raised on this appeal need not be considered.

The judgment is affirmed.

SCHWELLENBACH, HAMLEY, FINLEY, and OLSON, JJ., concur.